**JS 44 (Rev. 12/07)** — **CIVIL COVER SHEET**  16-cv-2595  JLS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Beth Gallant

## DEFENDANTS
Lehigh University

**(b) County of Residence of First Listed Plaintiff:** Warren, NJ
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c) Attorney's (Firm Name, Address, and Telephone Number):** Mark S. Schiffer
Law Offices of Mark S. Schiffer
P.O. Box 111, Birchrunville, PA 19421 (610-915-8351)

Attorneys (If Known): ___

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §2000e et seq.

Brief description of cause: Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ ___
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE ___   DOCKET NUMBER ___

DATE: 5/26/2016
SIGNATURE OF ATTORNEY OF RECORD: Mark S. Schiffer

**FOR OFFICE USE ONLY**
RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

MAY 26 2016

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **701 Hillcrest Blvd., Phillipsburg, PA**

Address of Defendant: **27 Memorial Drive West, Bethlehem, PA 18015**

Place of Accident, Incident or Transaction: **Bethlehem, PA**
*(Use Reverse Side For Additional Space)*

---

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐    No ☐ **?**

Does this case involve multidistrict litigation possibilities?    Yes ☐    **No ☒**
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    **No ☒**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    **No ☒**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐    **No ☒**

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    **No ☒**

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. **☒ Civil Rights**
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

---

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, **Mark S. Scheffer**, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: **5/26/2016**    _Mark S. Scheffer_    **59271**
                        Attorney-at-Law                    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **5/26/2016**    _Mark S. Scheffer_    **59271**
                        Attorney-at-Law                    Attorney I.D.#

CIV. 609 (6/08)                    MAY 26 2016



**APPENDIX I**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Beth Gallant : CIVIL ACTION
:
v. :
:
Lehigh University : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

5/26/2016        Mark S. Scheffer        Mark S. Scheffer
Date             Attorney-at-law         Attorney for Plaintiff

610-915-8351                              marksscheffer@gmail.com
Telephone        FAX Number              E-Mail Address

(Civ. 660) 10/02

MAY 26 2016

Mark S. Scheffer, Esquire
**LAW OFFICES OF MARK S. SCHEFFER**
Identification Nos. 59271
P.O. Box 111                                              Attorney for Plaintiff
Birchrunville, PA  19421
(610) 915-8351

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETH GALLANT | : | CIVIL ACTION |
| | : | |
| v. | : | NO. |
| | : | |
| LEHIGH UNIVERSITY | : | JURY TRIAL DEMANDED |

### COMPLAINT

1. Plaintiff, Beth Gallant, is a female who was employed by Defendant as a non-tenured professor of practice in Defendant's College of Business and Economics ("CBE").

2. Defendant, Lehigh University, is a private university located at 27 Memorial Drive, Bethlehem, PA 18015.

3. The causes of action set forth in this complaint arise under Title VII of the Civil Rights Act of 1961, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951 et seq. ("PHRA").

4. The District Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 1343 and 1367.

5. At all times material hereto, Defendant acted through authorized agents, servants, workers and/or employees acting in the scope of their employment with Defendant and in furtherance of Defendant's business.

6. Prior to instituting this action, Plaintiff filed a charge of discrimination and retaliation with the United States Equal Opportunity Employment Commission ("EEOC") in

which she presented to the EEOC the claims of gender discrimination and retaliation she now makes in this action. A Copy of Plaintiff's EEOC Charge and filings is attached hereto as Exhibit A.

7. Plaintiff's EEOC Charge was dual-filed with the Pennsylvania Human Relations Commission.

8. The EEOC issued a dismissal and notice of rights, including notice of Plaintiff's suit rights, dated February 25, 2016, which indicated that Plaintiff must file any lawsuit on her claims within 90 days of her receipt of the notice. Plaintiff received this notice in March of 2016.

9. As detailed in the attached documentation filed with the EEOC, Plaintiff was subjected to gender discrimination and retaliation by Defendant after complaining about discriminatory treatment, said discrimination and/or retaliation including: (a) being singled out by the newly appointed chairperson of the Marketing Department of Defendant's CBE, David Griffith, with regard to consulting activities, and ultimately required by Griffith to be on campus Monday through Friday, 9:00 a.m. through 5:00 p.m.; (b) being issued a negative performance evaluation by Griffith, which adversely impacted her salary; and, (c) finally being denied reappointment and having her contract not renewed to teach beginning in the fall of 2014.

10. As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, upset, emotional anguish, loss of life's pleasures, attorneys' fees and costs.

## COUNT I (TITLE VII)

11. Plaintiff hereby incorporates by reference Paragraphs 1 through 10 above as if set forth herein in their entirety.

12. The actions of Defendant were motivated at least in part by Plaintiff's gender and/or her complaints of gender discrimination, and therefore violate Title VII.

13. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has sustained the injuries and damages set forth above.

## COUNT II (PHRA)

14. Plaintiff hereby incorporates by reference Paragraphs 1 through 10 above as if set forth herein in their entirety.

15. The actions of Defendant were motivated in whole or at least in part by Plaintiff's gender and/or her complaints of gender discrimination, and therefore violate the PHRA.

16. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries and damages set forth above.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(a) Declaring Defendant's actions to be in violation of Title VII and/or the PHRA;

(b) Awarding Plaintiff reinstatement to her prior position with Defendant;

(c) Awarding compensatory damages to Plaintiff to make Plaintiff whole for all lost earnings, past and future, which Plaintiff has suffered as a result of Defendant's improper and unlawful treatment, including, but not limited to, past and future wages, lost earning capacity, pension and other lost benefits;

(d) Awarding compensatory damages to Plaintiff for emotional upset, mental anguish, humiliation, injury to reputation, loss of life's pleasures, and pain and suffering;

(e) Awarding Plaintiff's costs of this action, together with reasonable attorney's fees;

(f) Awarding Plaintiff punitive damages; and,

(g)     Granting such other and further relief as the court deems appropriate.

Respectfully submitted,

Dated: May 26, 2016

_____
Mark S. Scheffer, Esquire

# Exhibit A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 530-2013-03029 |

Pennsylvania Human Relations Commission and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Beth Gallant | [redacted] | [redacted] |

Street Address: 701 Hillcrest Boulevard, Phillipsburg, NJ 08865

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| LEHIGH UNIVERSITY | 15 - 100 | (610) 758-3000 |

Street Address: 27 Memorial Drive West, Bethlehem, PA 18015

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-09-2013  Latest: 05-01-2013
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

[blank]

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 2/24/14
Charging Party Signature: Beth Gallant

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

Beth Gallant v. Lehigh University

During the time in question, I was employed as a Professor of Practice (POP).

On January 9, and 11th 2013, in a meeting with Mr. David Griffith, the new Department Chair, I told him that I believed he was treating me differently because of my gender.

## My Contract Also Allows Me to Engage in Outside Consulting Activities

My POP position is for a term of three years, from August 15, 2011 to August 14, 2014. I receive a salary of $80,000 per year in exchange for accomplishing certain duties and tasks: teaching three courses each in the fall and spring semesters and performing unspecified "service responsibilities" assigned by the Chair. My contract gives me freedom to perform these duties when and where I choose. Although my contract indicates that my salary "represents 100% effort," as the title Professor of Practice implies, and according to the Rules and Procedures cited above, I am permitted to be employed outside of Lehigh. In fact, my contract specifically provides that I am expected to enhance my professional development and undertake "other professional activities" during the summer when I am not teaching classes. If those activities do not involve additional compensation from Lehigh, there is no requirement that I seek permission to engage in those professional activities. In order to receive employee benefits from Lehigh, I "must not be employed in a benefits eligible position at any other organization or institution." The only other prohibition in my contract is that I not be employed "full-time" elsewhere.

## My Consulting for Crayola Enhances My Work at Lehigh

Since 2001, I have served as a marketing consultant for Crayola. This position does not at all interfere with my duties at Lehigh. In fact, it has enhanced my courses by allowing me to use real life examples in my lectures. I also use the contacts I have at Crayola to assist students with obtaining internships and jobs.

## The Department Chair Begins to Single Me Out and Investigate My Consulting Activities

The CBE has five departments: accounting, economics, finance, marketing and management. All of these departments are headed by men. In fact, only one department ever has had a female chair and women make up only 16 percent of the faculty in the CBE. Of eight POPs in the CBE, only I am female.

In August 2012, David Griffith began work at Lehigh as the new Chair of the Department. In his first few days of employment, my colleagues in the Department informed me that Mr. Griffith inquired of them regarding the circumstances in which I obtained the POP position, described above.

On January 9, 2013, Mr. Griffith called a meeting with me, without informing me of any particular agenda. During the meeting, he conducted an inquisition into my consulting activities for Crayola based on research he apparently conducted on my activities. He demanded to see my contract with the company to "verify" my relationship, and he informed me that my outside consulting for Crayola was a "serious matter" that he already had discussed with the Dean of the CBE, the Provost and Lehigh's General Counsel. I informed Mr. Griffith that I actually had been encouraged to engage in consulting activities in order to maintain my professional qualifications, stay up to date on industry trends and provide potential job contacts for students.

Mr. Griffith also told me that I was not available enough to students because of my consulting activities. I was stunned by this accusation, because I serve as the marketing major career advisor to over 80 students and take pride in making myself available to my students.

On January 11, 2013, Mr. Griffith e-mailed me and requested that I resign. I refused.

On January 18, 2013, Mr. Griffith called a second meeting with me, which was attended also by Andrew Ward, the Associate Dean of the M.B.A. program. During this second meeting, Mr. Griffith purported to set forth my "official duties," as a POP. Even though my contract focuses on the duties and tasks I must complete, and does not restrict when or where I must perform those duties, he informed me that I must be in my office between the hours of 9 a.m. and 5 p.m., Monday through Friday. He also told me that any outside relationships I have built must be shared with Lehigh, and that I needed to report all of my consulting activities to him, provide him with the names of two contacts at Crayola, and provide him with copies of my pay stubs from the entire period of my POP employment. He also informed me – before even having received the information he requested – that my consulting activities would negatively impact my chances of contract renewal. When I asked Mr. Griffith if he was enforcing these purported requirements against all POPs, or just me, he refused to answer.

### I Complain About Gender Discrimination and Request an Investigation

In the two meetings with Mr. Griffith and in a subsequent response to his requests for information about my consulting activities, I told Mr. Griffith that I believed he was treating me differently because of my gender. I asked him to justify why he was unfairly imposing requirements on me that are not imposed on any male POPs in the CBE or the Department.

I also complained of gender discrimination to the Provost, Patrick Farrell. After he brushed off my claim of gender discrimination, I requested that Lehigh conduct a full investigation into whether Lehigh requires the male POPs to have an on-campus presence as extensive as that requested of me or to limit their outside consulting activities. I made this request because I am aware of several male professors in the CBE that spend much more than one day per week on activities for outside compensation.

For example, one POP in the management department of the CBE does not even live near Lehigh. Instead, he lives in Hersey and only comes into the office on days when he is scheduled to teach. This is only three days per week. Another POP, in the accounting department of the CBE, recently has written two books, and takes flex days depending on his wife's and children's schedules. He indicated to me that no one ever has inquired about his schedule, and that he did not get prior approval for his book writing or consulting activities. In the finance department of the CBE, another POP currently is working on his sixth book. He informed me that he spends "countless hours" working on his books from home, because he cannot get any writing done in his office. He also indicated that no one has inquired about his presence on campus or the amount of time he spends writing his books.

### I Receive a Scathing Performance Review

In May 2013, I received my 2012-2013 performance review from Mr. Griffith. I received a rating of "Below Average."

The performance review notes that my reviews from students are above average, and compliments me for achieving high student scores in a range of courses. It further recognizes my participation in student advising and that I make myself available to students through e-mail, Skype and off-campus. However, despite this praise, I was criticized for my "lack of presence on campus." The review further alleged that a number of students had stopped by my office looking for me, but I was not on campus that day. The review did not cite any specifics, but recommended I increase my presence on campus. The review also focused on two negative student comments, which represented only 1.5 percent of all comments received.

Finally, the review stated: "Based on your reporting of consulting activities it would appear that your current engagement exceeds the University guidelines." The review notes "significant concerns" about my purported lack of compliance with guidelines regarding outside consulting.

In addition, the review focused on a number of other subjective and arbitrary issues that are not part of the criteria under which POPs are evaluated, such as grade distributions, participation in the peer-review program, and participation in Department activities. In response to my inquiries, a number of my male colleagues both within and outside the Department informed me that other criteria cited in my review were not used to evaluate their performance in any way.

Based on this negative review, I was given a salary increase of only 0.1 percent, or approximately $100. By comparison, in 2012, I received a 2.8 percent salary increase.

My "Below Average" review and lack of salary increase are further acts of gender discrimination and retaliatory actions in violation of Title VII and the PHRA.

I allege I was discriminated against because of my gender (female) and or in retaliation for complaining of gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, in that my outside consulting activities were investigated, I received negative comments on my performance review and received only a .1 percent pay increase ($100.00) as a result of the negative review. The year prior, I received a 2.8 percent increase in connection with my performance review.

I declare under penalty of perjury that the above is true and correct.

2/24/14                    Beth Halbert

Date            Signature

## Addendum to EEOC Charge No. 530-2013-03029
### Beth Gallant v. Lehigh University
### (Cross-Filed with the PHRC)
### February 27, 2014

Ms. Gallant hereby submits this addendum to EEOC Charge No. 530-2013-03029. In addition to the facts initially alleged, Ms. Gallant since has learned that the Department of Marketing of Lehigh University's College of Business and Economics has refused to reappoint Ms. Gallant as a Professor of Practice. The denial of reappointment means that Ms. Gallant's contract will not be renewed and she is being terminated from her position at Lehigh University. This decision was based, at least in part, on the retaliatory performance review given to her in May 2013, and was upheld by the Interim Dean of the College of Business and Economics, Thomas Hyclack. The decision to deny Ms. Gallant's application for reappointment was done in retaliation for Ms. Gallant's complaints of gender discrimination and is a continuation of the gender discrimination and differential treatment detailed in the original charge. In contrast to the treatment of Ms. Gallant, the male Professor of Practice in the Department of Marketing who also had applied for reappointment this year has been recommended for reappointment.